IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XI CHEN LAUREN<br>*individually and on behalf of all others similarly situated*,<br>**Plaintiff,**<br><br>v<br><br>**PNC BANK, N.A., ASSURANT, INC.** and **AMERICAN SECURITY INSURANCE COMPANY**,<br>**Defendants.** | )<br>)<br>)<br>) 2:13-cv-762<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending are: the MOTION OF ASSURANT, INC. TO DISMISS THE COMPLAINT WITH PREJUDICE (ECF No. 16); the MOTION OF AMERICAN SECURITY INSURANCE COMPANY TO DISMISS THE COMPLAINT WITH PREJUDICE (ECF No. 18); and DEFENDANT PNC BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT (ECF No. 26). The motions have been exhaustively briefed and numerous exhibits have been submitted by all sides.[1] Plaintiff filed responses in opposition to each motion and each Defendant has filed a reply brief. The motions are ripe for disposition. Also pending is DEFENDANTS' JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS (ECF No. 40), which may now be resolved without the necessity of a response from Plaintiff.

---

[1] The claims are based at least in part on these documents, and no party has disputed their authenticity. Therefore, the Court will consider them without converting the motion to dismiss into one for summary judgment.

Factual and Procedural Background

This is a putative class action which challenges the "force-placed insurance" practices of Defendants. The proposed class encompasses people who have had a mortgage loan originated by and/or serviced by PNC Bank, N.A. ("PNC"), who were required to pay for "force-placed insurance" provided by Assurant, Inc. ("Assurant") and American Security Insurance Company ("ASIC"). ASIC is a wholly-owned subsidiary of Assurant. Plaintiff takes pains to explain that she does not challenge PNC's right to force-place insurance to protect its interest in the mortgaged property nor does she challenge the rate paid. Rather, she alleges that Defendants abused their authority and colluded to enrich themselves at the expense of borrowers by, inter alia: (1) Assurant and ASIC paying a "kickback" to PNC in exchange for a monopoly on the force-placed insurance; (2) imposing on force-placed borrowers the full cost of monitoring services for PNC's entire mortgage portfolio; (3) force-placing more insurance on the property than was necessary to protect the lender's interest; and (4) force-placing unnecessary coverage for periods of time that had already lapsed, such that there was no risk of loss.

Because the property of the named Plaintiff is located in Ohio, the parties agree that Ohio law governs this action. Lauren obtained a $210,400 mortgage loan on October 15, 2003. Section 5 of the mortgage agreement required Lauren to maintain property insurance and notified her that if she failed to maintain such coverage "Lender may obtain insurance coverage, at Lender's option and Borrower's expense." Such insurance "might provide greater or lesser coverage than was previously in effect" and the cost of such insurance might significantly exceed that of insurance which a borrower might have otherwise obtained. Section 9 of the mortgage provided that "Lender may do and pay for whatever is reasonable or appropriate to protect the Lender's interest in the Property and rights under this Security Instrument."

2

In connection with the mortgage, Lauren maintained hazard insurance through Allstate which provided $328,200 in coverage for the dwelling until November 17, 2011, when the Allstate policy lapsed. More than a year later, on December 25, 2012, PNC purchased a force-placed insurance policy from ASIC. The policy was backdated to November 22, 2011 and had an annual premium of $3,334.00. The ASIC policy provided for $328,200 in coverage for the dwelling, although the original loan balance was $210,400. Lauren had obtained insurance from State Farm for the period March 26, 2012 through March 26, 2013. Upon receiving notice of the State Farm policy, PNC cancelled the force-placed ASIC policy for that time period. Thus, the ASIC policy was in effect from November 22, 2011 through March 26, 2012 and $1,140.00 was charged to Lauren's escrow account.

The Complaint asserts the following claims: (1) breach of implied covenant of good faith and fair dealing by PNC; (2) breach of the mortgage agreement by PNC; (3) breach of fiduciary duty/misappropriation of escrow funds by PNC; (4) aiding and abetting a breach of fiduciary duty by Assurant and ASIC; (5) violation of the Ohio Consumer Sales Practices Act ("OCSPA") by PNC;[2] and (6) unjust enrichment by Assurant and ASIC.

Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor

---

[2] This claim has been voluntarily withdrawn by Plaintiff as to PNC. *See* ECF No. 32 at 7 n.5. Although Plaintiff states that she "maintains this Count as to Assurant Defendants," Count 5 of the Complaint names only PNC. Plaintiff cannot remedy this oversight by way of a footnote in a responsive brief. Accordingly, Count 5 will be dismissed in its entirety.

of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me

5

accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Legal Analysis

Defendants seek dismissal of the Complaint in its entirety. Assurant contends that it is the wrong party. ASIC contends that the claims are barred by the "filed rate doctrine." PNC contends that it complied with the express terms of the mortgage contract and owed no fiduciary duty to Lauren. Plaintiff has cited numerous court decisions from around the country which have upheld claims regarding similar force-placed insurance arrangements, at least at the motion to dismiss stage. *See, e.g., Simpkins v. Wells Fargo Bank, N.A.*, 2013 WL 4510166 (S.D. Ill. August 26, 2013); *Gallo v. PHH Mortgage Corp.*, 2012 WL 6761876 (D.N.J. December 31, 2012); *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp.2d 928 (N.D. Cal. 2012). The Court will address the parties' contentions seriatim.

    A. Claims Against Assurant

Assurant seeks dismissal of the Complaint on the ground that it was not involved in the transaction with Lauren. Assurant explains that it is advancing, as a factual attack, that Lauren's alleged injury is not fairly traceable to it, nor redressible by it, such that Lauren lacks standing and the Court lacks subject-matter jurisdiction.

The insurance policy allegedly force-placed on Lauren's property was issued by ASIC, an indirect, wholly-owned subsidiary of Assurant. *See* Complaint ¶ 90 & Exh. 13; Declaration

of Ronald K. Wilson and exhibits attached thereto. Assurant asserts that it is not an insurance company; does not issue insurance policies; does not contract with mortgage lenders and servicers such as PNC to provide services or pay any commissions on force-placed insurance; and has observed appropriate corporate formalities regarding the business operations of ASIC. It has submitted the Declaration of Jessica M. Olich, Vice President and Assistant Secretary of Assurant, in support of its position.

Plaintiff points to the SEC 10-K filings and website of Assurant, which indicate that Assurant is one of the largest providers of force-placed insurance in the nation and acts, in part, through its unincorporated division, Assurant Specialty Property. Plaintiff also argues that her claims are based on Assurant's participation in a scheme with PNC, rather than a contractual relationship, such that she need not pierce the corporate veil. In the alternative, Plaintiff seeks an opportunity to conduct targeted jurisdictional discovery prior to the dismissal of Assurant.

In *Roberts v. Wells Fargo Bank, N.A.*, 2013 WL 1233268 at * 4-8 (S.D. Ga. 2013), the Court thoroughly considered and rejected many of these same arguments. The *Roberts* Court held that the plaintiff had failed to satisfy her burden to demonstrate standing to assert claims against Assurant. The analysis in *Roberts* is persuasive and this Court concludes that the same result applies here. The Complaint and exhibits in this case clearly demonstrate that the relevant insurance policy was provided by ASIC. The Complaint -- despite its misguided effort to misleadingly define the term "Assurant" to include both Assurant, Inc. and ASIC -- contains no specific factual allegations to support a plausible claim against Assurant under these circumstances.

In accordance with the foregoing, the MOTION OF ASSURANT, INC. TO DISMISS THE COMPLAINT WITH PREJUDICE (ECF No. 16) will be **GRANTED**.

B. Claims Against ASIC

ASIC contends that this lawsuit represents an improper backdoor effort to evade the "filed rate doctrine." Once a rate is filed with and approved by the Ohio Department of Insurance, a plaintiff such as Lauren is prohibited from alleging that the premium she paid for the ASIC policy was excessive, and the courts are prohibited from adjudicating such claims. *Alston v. Countrywide Fin. Corp.,* 585 F.3d 753, 763 (3d Cir. 2009). ASIC portrays the claims asserted by Lauren as an indirect effort to challenge the amount she paid for the force-placed insurance and some courts have agreed with this theory. *See, e.g., Roberts*, 2013 WL 1233268 at *12-13; *Singleton v. Wells Fargo Bank*, 2013 WL 5423917 (N.D. Miss. September 26, 2013); *but see Simpkins*, 2013 WL 4510166 at *14 n.1 (disagreeing with *Roberts*).

Plaintiff does acknowledge the existence of the "filed rate doctrine" but expressly disclaims any challenge to the rate of the ASIC policy. Instead, Plaintiff explains that she challenges the alleged kickback scheme, backdating and amount of insurance force-placed. ASIC asks the Court to disregard Plaintiff's "disclaimer" because all such considerations are bundled into the approved cost of the premium. However, the Plaintiff is the master of her Complaint and is entitled to frame the contours of her claims.

ASIC's reliance on cases from other jurisdictions is unavailing. In *Alston*, the Court of Appeals for the Third Circuit recognized the distinction between wrongful conduct and rate challenges and held that wrongful conduct claims were not barred by the filed rate doctrine. 585 F.3d at 764-65 ("It is absolutely clear that the filed rate doctrine simply does not apply here.") Not only is this Court bound by *Alston*, it is convinced by its reasoning. Put simply, the "filed rate doctrine" does not apply because Plaintiff is not challenging the rate of the ASIC policy.

In Count 4, Plaintiff asserts a claim against ASIC for "aiding and abetting a breach of fiduciary duty" by inducing PNC to engage in alleged misconduct. ASIC contends that Ohio law does not recognize such a claim. The Court agrees with ASIC. As explained in *Antioch C. Litigation Trust v. Morgan*, 2012 WL 6738676 (S.D. Ohio 2012), the following question was certified to the Ohio Supreme Court:

> "Under the applicable circumstances, does Ohio recognize a cause of action for tortious acts in concert under the Restatement (2d) of Torts, § 876?"

The Ohio Supreme Court replied:

> "The certified question is answered in the negative. This court has never recognized a claim under 4 Restatement 2d of Torts, § 876 (1979), and we decline to do so under the circumstances of this case."

*DeVries Dairy, LLC v. White Eagle Coop. Ass'n*, 974 N.E.2d 1194 (Ohio 2012). In *Antioch C Litigation*, the Court noted that since the *Devries Dairy* decision, "it is clear now that a claim under Section 876 for aiding and abetting tortious conduct is not cognizable under Ohio law." Accordingly, Count 4 of Plaintiff's Complaint will be **DISMISSED**.

In Count 6, Plaintiff asserts an unjust enrichment claim against ASIC. To plead an unjust enrichment claim, Plaintiff must allege: (1) a benefit conferred by Plaintiff on Defendant; (2) knowledge of the benefit; and (3) retention of the benefit under circumstances in which it would be unjust to do so. *Hambelton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). ASIC contends that it was acting as an insurance provider, in accordance with the Ohio Insurance Code, such that Plaintiff is not permitted to pursue a common law, unjust enrichment claim. In essence, ASIC contends that the Ohio Insurance Code displaces common law remedies, even though it does not provide a private right of action. ASIC also argues that the unjust enrichment claim is barred by the existence of a written contract, i.e., the mortgage between Lauren and PNC.

There is little dispute that ASIC retained the premium payment from Lauren's escrow account for the alleged force-placed insurance. The more difficult question is whether the circumstances are unjust. ASIC's argument is a variation on the theme that Plaintiff is challenging its rates. To the contrary, Plaintiff is contesting the underlying arrangements (i.e., alleged kickbacks) that led to ASIC's position as the sole provider of force-placed insurance for PNC. There is no written contract which covers that exact subject matter. The terms of the ASIC-PNC contract are not addressed in the mortgage and there is no direct contract between ASIC and Lauren. Accordingly, the unjust enrichment claim remains viable at this stage of the case.

In accordance with the foregoing, the MOTION OF AMERICAN SECURITY INSURANCE COMPANY TO DISMISS THE COMPLAINT WITH PREJUDICE (ECF No. 18) will be **GRANTED IN PART** as to Count 4 and **DENIED** in all other respects.

C. Claims Against PNC

PNC argues, in essence, that it had no duty to act "reasonably" in exercising its rights under § 5 of the mortgage. PNC posits that § 9 is merely a general provision that is trumped by the specific remedies set forth in § 5. PNC further contends that under Ohio law, a claim for implied breach of contract cannot stand independent of an express breach of contract.

This Court, like the majority of other courts to consider the issue, is not persuaded. Sections 5 and 9 of the mortgage may be read consistently in conjunction with each other. To wit, although PNC has the right under § 5 to force-place insurance upon a borrower's failure to maintain such insurance, it must exercise that right in a reasonable and appropriate manner to protect its interest in the property. *See, e.g., Smith v. SunTrust Mortg. Inc.*, 2013 WL 5305651 at

*7 (C.D. Cal. Sep 16, 2013); *Simpkins*, 2013 WL 4510166 at *3. PNC has not rebutted the legal reasoning of these opinions, but merely contends that they do not apply Ohio law.

Nor is the Court convinced by PNC's alternative argument that its performance is excused by Plaintiff's alleged failures to comply with the mortgage contract. Indeed, the text of § 9 expressly provides that PNC has a duty to act reasonably when the "Borrower fails to perform the covenants and agreements contained in this Security Instrument." In sum, Plaintiff has properly alleged express and implied breach of contract claims.[3]

PNC argues that it never agreed to establish a fiduciary relationship and that claims for breach of fiduciary duty cannot be based on a lender's administration of an escrow account. Under Ohio law, a fiduciary role "may be assumed by formal appointment, or it may arise *de facto* from a more informal confidential relationship." *Cairns v. Ohio Savings Bank*, 672 N.E.2d 1058, 1062 (Ohio Ct. App. 1996). The inquiry is fact-intensive and thus not amenable to resolution at the motion to dismiss stage. *Wellington Resource Group LLC v. Beck Energy Corp.*, 2013 WL 5325911 at *3 (S.D. Ohio September 20, 2013). The theory that PNC used escrow funds under its management and control to enrich itself at the borrower's expense goes beyond the traditional lender-borrower relationship and is sufficient to survive at this stage of the case.

In accordance with the foregoing, DEFENDANT PNC BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT (ECF No. 26) will be **GRANTED IN PART** as to the OSCPA claim in Count 5 and **DENIED** in all other respects. PNC will have an

---

[3] The Court need not resolve, at this stage, the parties' competing contentions regarding: whether the alleged "kickbacks" constitute a breach of contract; the justification for backdating (or retroactive) coverage; the applicability of the recent RESPA regulations at 78 Fed. Reg. 10695, 10767, 10891-92; the existence of a Lender's Loss Prevention Endorsement; or which party proximately caused the damages.

opportunity to challenge these claims again, if warranted, based on a fully-developed record at the summary judgment stage.

The remaining Defendants will be required to file Answers on or before October 22, 2013. DEFENDANTS' JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS (ECF No. 40) will be **DENIED AS MOOT**.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **XI CHEN LAUREN**, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v<br><br>**PNC BANK, N.A., ASSURANT, INC.** and **AMERICAN SECURITY INSURANCE COMPANY**,<br><br>Defendants. | 2:13-cv-762 |

## ORDER OF COURT

AND NOW, this 8th day of October, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that:

(1) the MOTION OF ASSURANT, INC. TO DISMISS THE COMPLAINT WITH PREJUDICE (ECF No. 16) is **GRANTED** and it is dismissed as a party;

(2) the MOTION OF AMERICAN SECURITY INSURANCE COMPANY TO DISMISS THE COMPLAINT WITH PREJUDICE (ECF No. 18) is **GRANTED IN PART** as to Count 4 and **DENIED** in all other respects;

(3) DEFENDANT PNC BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT (ECF No. 26) is **GRANTED IN PART** as to Count 5 and **DENIED** in all other respects; and

(4) DEFENDANTS' JOINT MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS (ECF No. 40) is **DENIED AS MOOT**.

Defendants ASIC and PNC shall file Answers as to the remaining claims on or before October 22, 2013.

The caption of this action is amended as follows:

| | |
|---|---|
| **XI CHEN LAUREN**<br>*individually and on behalf of all others similarly situated*,<br>          **Plaintiff,**<br><br>v<br>**PNC BANK, N.A.,** and **AMERICAN SECURITY INSURANCE COMPANY**,<br>          **Defendants.** | 2:13-cv-762 |

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **all counsel of record**
     **via CM/ECF**