IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| XI CHEN LAUREN<br>*individually and on behalf of all others similarly situated*,<br>Plaintiff,<br><br>v<br><br>PNC BANK, N.A., and AMERICAN SECURITY INSURANCE COMPANY,<br>Defendants. | Civil Action No. 13-762 |

## MEMORANDUM ORDER

Now pending is DEFENDANT PNC BANK, N.A.'S MOTION FOR RECONSIDERATION OF COUNT THREE'S FIDUCIARY DUTY CLAIM (ECF No. 42), with brief in support. Plaintiff filed a response in opposition. PNC also filed a Notice of Supplemental Authority, to which Plaintiff filed a response. The motion is ripe for disposition.

Factual and Procedural Background

The factual background of this complex putative class action, which challenges the alleged "force-placed insurance" practices of Defendants, was set forth at length in the Court's Memorandum Opinion of October 8, 2013 and will not be reiterated in full herein. PNC seeks reconsideration only of the narrow portion of the Court's Opinion which declined to dismiss the breach of fiduciary duty claim. The Court notes that PNC has filed an Answer as to that claim.

Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909

(3d Cir.1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Legal Analysis

PNC contends that Ohio Revised Code § 1109.15(E) precludes the existence of a valid fiduciary duty claim. In response, Plaintiff argues that the statutory text of § 1109.15(E) negates the existence of a fiduciary relationship between a bank and its obligor only "with respect to any extension of credit" and explains that she is asserting a breach of fiduciary duty by PNC based on its discretionary authority to force-place insurance, rather than its role as a creditor. Plaintiff asserts that she will be able to demonstrate that PNC acted "well beyond the traditional lender-borrower relationship contemplated by Ohio R.C. § 1109.15(E)."

As stated in the Memorandum Opinion, under Ohio law a fiduciary role "may be assumed by formal appointment, or it may arise *de facto* from a more informal confidential relationship." *Cairns v. Ohio Savings Bank*, 672 N.E.2d 1058, 1062 (Ohio Ct. App. 1996). Moreover, the inquiry is fact-intensive and thus not amenable to resolution at the motion to dismiss stage. *Wellington Resource Group LLC v. Beck Energy Corp.*, 2013 WL 5325911 at *3 (S.D. Ohio September 20, 2013).

PNC contends that the allegations regarding the escrow arrangement in this case are identical to those which were held in *Cairns* to not support a fiduciary duty claim. Plaintiff

2

disagrees. *Cairns* held that payment by a bank of property taxes and homeowner's insurance from an escrow account did not create a special relationship. 672 N.E.2d at 1062. However, the *Cairns* Court also noted that there had been "no allegation in the complaint of a *de facto* fiduciary relationship between the parties." *Id*. In this case, Plaintiff contends that she has alleged special circumstances regarding force-placed insurance. The alleged discretionary self-dealing decisions in this case are arguably distinguishable from the more ministerial tasks of making payments to third parties that were at issue in *Cairns*. At the pleading stage, the Court must draw all reasonable inferences in favor of Plaintiff.

The Court is cognizant of the argument, in PNC's reply brief, that Ohio Revised Code § 1109.15(E) has superseded the holding in *Cairns* by statute, by eliminating the possibility of an unwritten *de facto* fiduciary relationship between a bank and its borrower. This argument is not without force and appears to be based on one plausible interpretation of the statute.[1] However, PNC has not cited any authority or legislative history which is directly on point, nor has the Court found any in its independent research. In *Webb v. Chase Manhattan Mortg. Corp.*, 2007 WL 709335 at *7 (S.D. Ohio 2007) (involving force-placed insurance), the Court did dismiss a similar breach of fiduciary duty claim. However, the *Webb* Court also recognized that a fiduciary duty may arise from an informal relationship if both parties understand that a special trust has been reposed (citing *Cairns*), and held that "Plaintiffs have failed to set forth sufficient facts to assert that such a duty was established in this case." *Id*. Moreover, *Webb* did not cite or discuss § 1109.15(E). *Groob v. KeyBank*, 843 N.E.2d 1170 (Ohio 2006), which was discussed extensively by both sides, is not dispositive because it involved a prospective customer of the bank. *Johnson v. Fifth Third Bank*, 2010 WL 4739930 at *10 (N.D. Ohio 2010), is factually

---

[1] Another construction, that § 1109.15(E) was intended to clarify the typical bank/borrower context while leaving the *de facto* theory intact, is also possible. PNC has not addressed whether, under its proposed construction, the "with respect to any extension of credit" clause would become mere surplusage.

3

distinguishable because it involved the disbursement of a construction loan and the bank had specifically disclaimed, in writing, the existence of a fiduciary relationship. The most recent Ohio case law discussion, in *Wellington*, 2013 WL 5325911 at *3-4, recognizes the continued viability of the *de facto* theory, albeit not in the bank/borrower context. *See also Gordon v. Chase Home Finance, LLC,* 2013 WL 436445 at *9 (M.D. Fla. 2013) (class action regarding force-placed insurance) (courts have recognized fiduciary duty based on special circumstances between banks and customers where lender receives greater benefit than in typical transaction or where bank knows of customer's trust and circumstances exceed ordinary commercial transaction) (citations omitted). In sum, it appears prudent to reserve final decision on the contours of a fiduciary duty claim pending further development of the record. Plaintiff may, or may not, be able to succeed on such a claim. However, her theory is difficult to resolve at the motion to dismiss stage.

PNC's Notice of Authority regarding the recent case of *Cohen v. American Security Ins. Co.*, 2013 WL 5890642 (7th Cir. November 4, 2013), is not meaningfully dispositive as to the motion for reconsideration. *Cohen* did not involve either Ohio law or a fiduciary duty claim. The discussion cited by PNC related to whether the bank had a duty to disclose in the context of a fraud claim and the plaintiff in *Cohen* had not alleged any fiduciary relationship.

In accordance with the foregoing, DEFENDANT PNC BANK, N.A.'S MOTION FOR RECONSIDERATION OF COUNT THREE'S FIDUCIARY DUTY CLAIM (ECF No. 42) is **DENIED**. As noted above, PNC has already filed its Answer .

SO ORDERED this 21st day of November, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **all counsel of record
via CM/ECF**