IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

XI CHEN LAUREN  
*individually and on behalf of all others similarly situated*,  
         **Plaintiff,**

v.

PNC BANK, N.A., and AMERICAN SECURITY INSURANCE COMPANY,  
         **Defendants.**

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending is DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S MOTION TO DISMISS NATIONWIDE CLASS ALLEGATIONS FOR LACK OF SUBJECT-MATTER JURISDICTION (ECF No. 53), with brief in support. Plaintiff Xi Chen Lauren ("Lauren") filed a brief in opposition; Defendant ASIC filed a reply brief; and the motion is ripe for disposition.

Factual and Procedural Background

This is a putative national class action which challenges the "force-placed insurance" practices of Defendants. Lauren is the sole named Plaintiff and proposed class representative. Lauren's property is located in Ohio and it is undisputed that she has standing to assert an unjust enrichment claim under Ohio law. In the instant motion pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), ASIC contends that Lauren lacks constitutional standing to assert unjust enrichment claims arising under the laws of the other 49 states.

Legal Analysis

ASIC contends that a putative class representative does not have standing to assert unjust enrichment claims from a state in which she was not injured. ASIC further contends that standing is a threshold issue that should be decided immediately. Plaintiff contends, in essence, that because she clearly has standing to assert a claim under Ohio law, her fitness to assert claims on behalf of a national class should be deferred until the class certification stage in accordance with the Fed. R. Civ. P. 23 factors (e.g., adequacy, commonality, predominance). There is a fairly even split of authority among the cases that have previously been confronted with this issue. There is no binding Third Circuit precedent directly on point.

Upon considerable reflection and review of the cases cited by each side in their comprehensive briefs, the Court concludes that Lauren lacks standing to assert unjust enrichment claims based on the laws of states other than Ohio.[1] The Court notes that many of the cases cited by both parties involved antitrust claims, which somewhat complicate and distort the analysis. The issue before this Court is whether Lauren has standing to assert a proposed national class action for unjust enrichment claims.

The United States Supreme Court has held that the requirement that a named plaintiff have standing is no different in the class action context. *In re Wellbutrin XL Antitrust Litigation*, 260 F.R.D. 143, 152 (E.D. Pa. 2009) (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). The *Wellbutrin* Court went on to explain that standing must be analyzed on a claim-by-claim and state-by-state basis:

---

[1] To plead an unjust enrichment claim under Ohio law, Plaintiff must allege: (1) a benefit conferred by Plaintiff on Defendant; (2) knowledge of the benefit; and (3) retention of the benefit under circumstances in which it would be unjust to do so. *Hambelton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984). ASIC contends, inter alia, that the Ohio Insurance Code displaces common law remedies.

> A named plaintiff whose injuries have no causal relation to, or cannot be redressed by, the legal basis for a claim does not have standing to assert that claim. For example, a plaintiff whose injuries have no causal relation to Pennsylvania, or for whom the laws of Pennsylvania cannot provide redress, has no standing to assert a claim under Pennsylvania law, although it may have standing under the law of another state.

*Id*. at 152. The *Wellbutrin* Court then meaningfully distinguished *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) and *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), upon which Plaintiff had relied for the principle that class certification is "logically antecedent" to standing. The Court convincingly explained that *Ortiz* and *Amchem* involved the standing of absent putative class members, not the named plaintiff. This Court agrees with the analysis in the *In re Wellbutrin* case and progeny.[2]

The practical case-management concerns articulated in *In re Wellbutrin* are particularly persuasive:

> The alternative proposed by the plaintiffs would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union. At the conclusion of that discovery, the plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share. That would present the precise problem that the limitations of standing seek to avoid. The Court will not indulge in the prolonged and expensive implications of the plaintiffs' position only to be faced with the same problem months down the road.

*Id*. at 155. *See also* Fed. R. Civ. P. 1 (emphasizing goals of just, speedy and inexpensive determination of cases). Under the facts and circumstances of this case, deferring ruling on

---

[2] In several of the cases upon which Plaintiff relied, the courts dismissed the unjust enrichment claims, albeit without prejudice, for failure to plead under which states their claims arose. *See, e.g., Avenarius v. Eaton Corp.*, 898 F.Supp.2d 729 (D. Del. 2012); *In re Chocolate Confectionary Antitrust Litigation*, 602 F. Supp.2d 538 (M.D. Pa. 2009). In *In re Processed Egg Products Antitrust Litigation*, 851 F. Supp.2d 867 (E.D. Pa. 2012), the court noted that state laws governing unjust enrichment claims vary and conducted a lengthy state-by-state analysis which arguably would not have been necessary had a nationwide class been cognizable.

3

standing until the close of the class certification process would not be consistent with Rule 1 because such deferral would trigger extensive discovery costs and delay. Lauren suffered an alleged injury exclusively under Ohio law. Therefore, she does not have standing to assert unjust enrichment claims under the law(s) of any other state. *Accord In re Ductile Iron Pipe Fittings (DIPF) Indirect Purchaser Antitrust Litigation*, 2013 WL 5503308 at *11-12 (D.N.J. Oct. 2, 2013) ("After reviewing the different approaches, this Court agrees that named plaintiffs lack standing to assert claims under the laws of the states in which they do not reside or in which they suffered no injury.").

Conclusion

In accordance with the foregoing, DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S MOTION TO DISMISS NATIONWIDE CLASS ALLEGATIONS FOR LACK OF SUBJECT-MATTER JURISDICTION (ECF No. 53) will be **GRANTED**.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **XI CHEN LAUREN**<br>*individually and on behalf of all others similarly situated*,<br>Plaintiff,<br><br>v<br><br>**PNC BANK, N.A., ASSURANT, INC.** and **AMERICAN SECURITY INSURANCE COMPANY**,<br>Defendants. | 2:13-cv-762 |

## ORDER OF COURT

AND NOW, this 14th day of January, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S MOTION TO DISMISS NATIONWIDE CLASS ALLEGATIONS FOR LACK OF SUBJECT-MATTER JURISDICTION (ECF No. 53) is **GRANTED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Christopher R. Johnson**
Email: cjohnson@npraustin.com
**Stephen J. O'Brien**
Email: steve-obrien2@hotmail.com
**Tyler S. Graden**
Email: tgraden@ktmc.com
**Daniel I. Booker**
Email: dbooker@reedsmith.com
**Jack B. Cobetto**
Email: jcobetto@reedsmith.com
**Kyle R. Bahr**
Email: kbahr@reedsmith.com
**Dennis St. J. Mulvihill**
Email: dmulvihill@rlmlawfirm.com
**Erin J. Dolfi**
Email: edolfi@rlmlawfirm.com
**Frank G. Burt**
Email: fgb@jordenusa.com
**Farrokh Jhabvala**
Email: fj@jordenusa.com

**via CM/ECF**