# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

XI CHEN LAUREN
*individually and on behalf of all others similarly situated*,
      **Plaintiff,**

v

PNC BANK, N.A., and AMERICAN SECURITY INSURANCE COMPANY,
      **Defendants.**

Civil Action No. 13-762

## MEMORANDUM ORDER

By Memorandum Order of February 7, 2014, the Court accorded the parties Notice of its concern regarding transfer of this case and an opportunity to be heard as follows:

> The parties are accorded the opportunity to file position statement(s), on or before February 19, 2014, to set forth any reason(s) why this case should not be transferred. Otherwise, the transfer will occur on February 21, 2014.

Plaintiff filed a Position Statement Opposing Motion to Transfer (ECF No. 77). Neither PNC nor ASIC filed a position statement.

Upon consideration, the Court concludes that this case should be transferred to the United States District Court for the Southern District of Ohio (Eastern Division). The Court has discretion to transfer a case to another district *sua sponte* pursuant to 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. . . ."). Upon due consideration of the factors set forth in *Gulf Oil v. Gilbert*, 330 U.S. 501(1946), transfer of this case appears appropriate. The real property which formed the basis of Plaintiff's claims regarding force-placed insurance is located in Columbus, Ohio and some of the correspondence came from a PNC subsidiary located in Ohio. Plaintiff Lauren has withdrawn her nation-wide class action claims and now asserts claims solely on behalf of an Ohio sub-class. Ohio law will

govern this matter, with novel and/or complex questions of Ohio law having been raised in this case.

The case could have originally been brought in the United States District Court for the Southern District of Ohio. Lauren is a resident of North Carolina; ASIC is a Delaware corporation with a principal location in Georgia; and PNC is a citizen of Pennsylvania. The Complaint alleges that PNC and ASIC do business in Ohio.

In opposing transfer, Plaintiff notes that her choice of forum is entitled to deference; that PNC is headquartered in Pittsburgh, Pennsylvania; that numerous witnesses and attorneys are located here; that a transfer may cause delay; and that the parties have agreed to participate in a formal mediation. These reasons are not convincing. As Plaintiff recognizes, this case – based on a Stipulation of the parties –involves only an Ohio sub-class as currently postured. Plaintiff has not articulated any reasons for initially filing the case in Pennsylvania or for preferring this forum. Although some of the attorneys are based in Pittsburgh, Pennsylvania, there are also attorneys of record in this case from Austin, Texas; Radnor, Pennsylvania; Washington, D.C. and Miami, Florida. Mediation is non-binding alternative dispute resolution process which, ultimately, requires the cooperation of the parties. The transfer of this case will do nothing to prevent the parties from engaging in private settlement discussions or a cooperative mediation process. Plaintiff has filed a Motion for Leave to File First Amended Class Action Complaint (ECF No. 80), which remains pending. In essence, the First Amended Complaint seeks to add civil RICO claims on behalf of a nationwide class and seeks to again name Assurant, Inc. as a Defendant.[1] Defendants' response to this motion is due on or before March 7, 2014.[2] The

---

[1] Assurant was previously dismissed from the case by Memorandum Opinion and Order dated October 8, 2013.
[2] The Court expresses no opinion on the motion. It has reviewed the proposed amended complaint and RICO case statement for the limited purpose of determining whether there are any facts regarding the Western District of Pennsylvania which might impact the transfer decision.

2

existence of this motion illustrates the early procedural status of this case and the lack of prejudice which would result from a transfer at this time. Moreover, a transfer of this action would enable the newly-appointed judge to rule on the pending motion, which may have substantial impact on the scope of the case.

In sum, this case could/should have been brought in the United States District Court for the Southern District of Ohio (Eastern Division) given applicable law, and that Court would be a more appropriate forum for the resolution of this matter. Accordingly, Civil Action No. 13-762 is hereby TRANSFERRED to the United States District Court for the Southern District of Ohio (Eastern Division) FORTHWITH.

SO ORDERED this 25th day of February, 2014.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **all counsel of record
via CM/ECF**